Sorg. & R.
3 s r 200
133   426

1817.

*Lancaster.*        DASHER assignee *against* LEINAWEAVER, jun.

*Thursday,*
*May 22.*                              IN ERROR.

**Where bonds belonging to an intestate were assigned by him to the husband of one of his daughters, as an advance of her share of his estate, *held* that the obligor, who became afterwards administrator, might, in a suit by the assignee of such husband, set-off the proportion overpaid by him, in settling the debts of the intestate, if it did not appear, that the obligor gave such assignee reason to suppose, that he had no set-off.**

**Administration accounts passed by the Orphans' Court are *prima facie* evidence of the estate of the intestate, and of the debts paid by the administrator, but not conclusive.**

ERROR to the Common Pleas of *Lebanon* county.

This suit was an action of debt on a bond, brought by *Casper Dasher*, assignee of *John Elder*, assignee of *Christian Michael*, assignee of *Peter Leinaweaver*, sen., against *Peter Leinaweaver*, jun., to which the defendant pleaded payment, and gave notice of the special matter. On the trial, the defendant offered evidence to prove, that the bond in question was assigned by *Peter Leinaweaver*, sen., deceased, in his life time, and delivered, together with several other bonds, into the hands of *David Krause*, esq., by him to be delivered to the several assignees, his children. That the defendant administered on his estate ; that the said bond was assigned to *Christian Michael*, who married *Catherine*, one of the daughters of the deceased, as, and for part of his portion in the estate of the deceased, and for no other consideration. That the said bond was given up by *David Krause*, esq., to *Christian Michael*, at the request of the said *Christian*, and of the defendant, on the 18th *September*, 1809, and a receipt was given therefor, from the said *Christian*, to the defendant. He then offered in evidence, the administration accounts of the estate of the deceased, regularly passed by the Orphans' Court of the county of *Dauphin*, and certified under seal. The one passed, *May* 5th, 1808, shewing a balance against the defendant of 246 pounds ; and the other passed, *March* 2d, 1813, shewing a balance in favour of the defendant, of 346 pounds, 11 shillings, and 10 pence. This evidence was objected to by the plaintiff, and overruled by the Court. A bill of exceptions was thereupon taken.

*Godwin*, for the plaintiff in error. The sum which the defendant claimed to be deducted from the bond, was 42 pounds, 1 shilling, and 4 pence halfpenny. The defendant overpaid the estate of the intestate, and, therefore, had a right to retribution from his children, to whom the bonds

were assigned without valuable consideration. The assignee of a bond, takes it subject to all the defalcation to which it was liable, in the hands of the obligee. 1 *Dall.* 23.

*Wright,* contra. The right of defalcation did not arise till after the assignment. The assignment to *Michael,* was in 1806; that to *Elder,* in 1812; and that to *Dasher,* in *January,* 1813. The right of defalcation extends only to such claims, as were due at the time of the assignment. 1 *Dall.* 23. The bill of exceptions states, that the defendant consented to the bond's being given up. Now it is clearly settled, that if the obligor says the bond is good at the time of the assignment, he cannot defalk. 1 *Smith's Laws,* 54. 90, 91.

*Reply.* The bonds of the defendant were assigned by his father, in his life time, to his children, not knowing the extent of his debts. Therefore, after his death, these bonds were assets. He lodged them with Judge KRAUSE after the assignment, in order that he might deliver them to the children at a proper time, viz. when the debts should be all paid. In fact, then, the right of the defendant to defalk always existed, in case the estate of his father should be insufficient to pay his debts. *Michael* was not an assignee for a valuable consideration. He took the bond, as an advance in part, of his wife's share of her father's estate.

The opinion of the Court was delivered by

TILGHMAN C. J. The assignee of a bond takes it subject to all the equity, or right of defalcation which exists against the obligee, unless the obligee tells him that he has nothing to defalk. The assignment to *Michael,* we consider as an advance in right of his wife, and subject to defalcation, in case the father-in-law's debts exceeded his assets, in the hands of the defendant, who was his administrator. On old *Peter Leinaweaver's* death, the bonds of the defendant were equitable assets, for the payment of his debts. We think, therefore, that the administrators' accounts were *prima facie* evidence of the amount of *Peter Leinaweaver's* estate, and of the debts paid by the defendant, but not conclusive evidence. Without inquiring into the situation of that estate, justice cannot be done to the defendant. Inasmuch, then,

1817.

DASHER
assignee
v.
LEINAWEA-
VER, jun.

as it does not appear, that the defendant ever gave the plain-
tiff reason to suppose, that he had nothing to set-off against
his bond, we are of opinion, that the judgment should be
reversed, and a *venire facias de novo* awarded.

> Judgment reversed, and a *venire facias
> de novo* awarded.